UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLEN H. HOEHN,

                              Plaintiff,

            v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

DECISION AND ORDER

17-CV-6834L

Plaintiff Glen H. Hoehn ("plaintiff") appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action seeks review of the Commissioner's final determination.

On December 14, 2010, plaintiff filed applications for a period of disability and disability insurance benefits, as well as Social Security Income, which alleged disability beginning November 1, 2009. His applications were initially denied. Plaintiff timely requested a hearing, which was held on February 4, 2013 before the Administrative Law Judge ("ALJ") John P. Costello. On March 3, 2013, the ALJ rendered a decision concluding that plaintiff was not disabled. (Dkt. #9-2 at 11-19).

Plaintiff appealed, and on January 21, 2016 (14-CV-6401, Dkt. #17) this Court reversed and remanded the Commissioner's determination, finding that the record, which lacked opinions from any medical source, was not sufficiently complete to allow any decision to be supported by substantial evidence. On remand, the Court directed the ALJ to obtain and consider additional evidence, including but not limited to the obtainment of questionnaires or other opinions from

treating, examining and/or consulting sources concerning plaintiff's residual functional capacity ("RFC").

On May 17, 2017, a supplemental hearing was held before ALJ Conner O'Brien, who heard testimony from plaintiff, impartial medical expert Gail O'Brien (no apparent relation to the ALJ), and vocational expert Peter A. Manzi. The record was also supplemented with medical opinions by several physicians, including plaintiff's treating internist, Dr. Geoffrey Markowski, consulting psychiatrist Dr. Adam Brownfeld, and consulting thoracic surgeon Dr. Samuel Balderman. (Dkt. #9-13).

On October 2, 2017, the ALJ rendered a new decision, finding that plaintiff, at the time of his alleged disability a 41-year-old man with a high school education and past relevant work as a truck operator, driver, lawn service worker, user support analyst, surveillance system monitor and data entry clerk, was not disabled – both because he had the ability to return to some of his past relevant work, and because alternative positions existed which plaintiff could perform. (Dkt. #9-8 at 672-73).

Plaintiff now appeals, and moves for judgment on the pleadings awarding benefits, and/or remanding the matter, on the grounds that the ALJ's decision was the product of legal error and was not supported by substantial evidence. (Dkt. #11). The Commissioner opposes the plaintiff's motion, and cross-moves for judgment on the pleadings affirming the Commissioner's determination. (Dkt. #16). For the reasons that follow, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the ALJ's decision is affirmed.

**DISCUSSION**

**I.     The ALJ's Evaluation**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Here, the ALJ first determined that plaintiff had engaged in a limited period of substantial gainful activity since the November 1, 2009 alleged onset date, when he worked successfully as a data entry clerk from June 2013 through December 2015. The ALJ noted that this fact does not resolve the case, as the plaintiff's non-working periods satisfy the 12-month durational requirement.

The ALJ further found that plaintiff has severe impairments not equaling a listed impairment, consisting of degenerative disc disease of the cervical spine, right arm regional pain syndrome following injury in a motor vehicle accident, post-ulnar surgery; mild hearing loss; affective disorder; anxiety disorder; and attention deficit hyperactivity disorder.

Based on a comprehensive review of the record, the ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform light work, except that he can no more than occasionally reach, handle or finger with the right arm, and his left arm has no limitations. Further, plaintiff can tolerate loud noise (e.g., heavy traffic) no more than occasionally, and moderate (light traffic) noise frequently. He can adjust to occasional changes in the work setting and occasionally interact with the public, but cannot perform tandem work or teamwork. Finally, plaintiff is limited

to jobs requiring only the performance of simple and detailed tasks, and no complex tasks. (Dkt. #9-8 at 565).

When given this RFC as a hypothetical at the hearing, the vocational expert testified that such an individual could perform plaintiff's past relevant work as a surveillance system monitor (a sedentary position), as well as perform the additional representative positions of investigator-detail accounts, and table worker.

## II. The ALJ's Evaluation of Medical Opinion Evidence

In general, "[b]ecause an RFC determination in a social security disability benefits case is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and thus has committed a legal error." *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 343 (E.D.N.Y. July 15, 2010). The plaintiff claims that the ALJ's RFC finding was not based on the record evidence, but was based on her own, non-medical opinion, and that the ALJ failed to apply the appropriate legal standard when she declined to grant controlling weight to the opinions of treating physician Dr. Markowski.

The treating physician rule provides that an ALJ must give controlling weight to a treating physician's opinion if that opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with other substantial evidence in the record. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2). However, "[w]hen other substantial evidence in the record conflicts with the treating physician's [it] will not be deemed controlling. And the less consistent that opinion is with the record as a whole, the less

weight it will be given." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citing 20 C.F.R. § 404.1527(d)(4)).

When a treating physician's opinion is not given controlling weight, the ALJ must explain his or her decision not to do so, in light of the following factors: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). If the ALJ fails to provide sufficient reasons for not crediting the treating physician's opinions, remand may be warranted.[1] I believe that the ALJ's decision not to give controlling weight to Dr. Markowski's opinion was adequately supported and explained, and that the ALJ's assessment of the medical opinions of record was proper.

Dr. Markowski submitted two opinions concerning plaintiff's RFC, as well as some additional statements best characterized as temporary "out-of-work" authorizations. The out-of-work authorizations were appropriately disregarded by the ALJ, as they were either specific to plaintiff's ability to perform his data entry job at the time, and/or opined in conclusory fashion as to the ultimate issue of disability, which is reserved for the Commissioner. *See* Dkt. #9-13 at 1219 (note dated January 28, 2016: "[plaintiff] may miss work or need a shortened schedule due to medical condition 1/27/16-3/9/16"); 1221-22 (April 28, 2016 treatment note: "[plaintiff] says he cannot work with strong pain meds . . . no work until 6/6/16");1338 (December 19, 2016 treatment note: "no work until 1/1/17, may be able to try modest work with the R hand, unlikely to be successful with 8 hours continuous work, may benefit for job training, or one handed

---

[1] A recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017). For the purposes of this appeal, however, the prior version of the regulation applies.

5

keyboarding"); 1342, 1345 (August 18, 2016 and September 19, 2016 treatment notes: "no work until 1/1/17, unable to repetatively [sic] R arm (works with keyboard and mouse)").

On May 19, 2016 and May 2, 2017, Dr. Markowski rendered two formal RFC opinions, very similar to one another, based on 3 office visits "since 12/23/15" (Dkt. #9-13 at 1174) for severe right hand pain, and for depression and anxiety described as "controlled" with medication. In sum, Dr. Markowski opined that plaintiff was unable to complete a regular workday or to perform at a consistent pace without an unreasonable number and length of rest periods, would require 3-4 unscheduled breaks during an 8-hour workday, could "rarely" lift less than 10 pounds and never more than 10 pounds, could perform reaching and fingering activities for no more than 1% of an 8-hour workday, would be "off task" more than 30% of the time due to [unspecified] symptoms, and would miss more than four days of work per month due to "hand pain." (Dkt. #9-13 at 1442-1443; 1174-77). Specifically, Dr. Markowski opined that plaintiff's inability to engage in full-time employment stemmed from his "severe [right] hand pain – [he is] having difficulty with using keyboard [and] mouse for [illegible] consultant (computer case management for software co[mpany])." (Dkt. #9-13 at 1174).

The ALJ gave "little weight" to Dr. Markowski's opinions, deferring instead to: (1) the opinion of consulting psychiatrist Dr. Brownfeld, whose opinion was given "some" weight as the ALJ determined that plaintiff was *more* mentally limited than Dr. Brownfeld suggested; and (2) the opinion of consulting orthopedic examiner Dr. Balderman, whose opinion the ALJ gave "some" weight, adopting Dr. Balderman's opinions as to plaintiff's hand and arm function, but rejecting additional limitations as to sitting, standing and walking as unsupported by the record.

In declining to give controlling weight to Dr. Markowski's opinion, the ALJ noted that there was no evidence elsewhere in the record that supported significant limitations due to

6

psychological or pain-based symptoms (e.g., inability to complete a normal workday or workweek, excessive absenteeism, off-task for 30% of the day). (Dkt. #9-8 at 569). The ALJ also noted that the extreme limitations described by Dr. Markowski were inconsistent with plaintiff's successful engagement in full-time work from June 2013-December 2015 – just prior to the treatment visits on which Dr. Markowski's opinions were based, and without any objective evidence of deterioration in plaintiff's condition. Finally, the ALJ noted that the claimant's medical treatment records, which reflected "conservative treatment" of his hand and arm pain with medication, did not reflect hand and arm limitations as extensive as those described by Dr. Markowski (e.g., reaching and handling for no more than 1% of the workday). *See* Dkt. #9-8 at 274, 276 (2008 treatment notes from Dr. Markowski reflecting generally unremarkable findings, other than reduced range of motion in right elbow "due to old trauma," with soft tissue swelling and some difficulty moving fingers); 278 (noting on June 2, 2008 that plaintiff's "[right] arm pain has improved and he would like to drive a bus again"); 280 (May 21, 2008, tingling and numbness reported in right arm, but no edema); 298 (May 11, 2009, no complaints related to right arm and/or hand); 1237 (June 18, 2012, Vicodin helping with plaintiff's previously-increased right arm pain). Moreover, as the ALJ acknowledged, objective assessments of plaintiff's wrist and fingers revealed no gross abnormalities. (Dkt. #9-8 at 566).

I concur with the ALJ's finding that Dr. Markowski's opinions were unsupported by medical evidence of record, and were inconsistent with plaintiff's treatment history, as well as his employment history. As such, the ALJ did not err in declining to give them controlling weight. Furthermore, to the extent that Dr. Markowski's opinions and treatment notes supported plaintiff's need to avoid "repetitive motion /hand activity" (Dkt. #9-13 at 1175) due to pain and numbness in his right hand, the RFC determined by the ALJ, which limits plaintiff to no more than occasional

7

use of his right arm and hand, appropriately accommodates that limitation. (Dkt. #9-8 at 567, ALJ: "[i]n consideration of the plaintiff's symptoms . . . I have reduced the claimant's functioning to work at the light exertional level with the ability to only occasionally reach, handle and frequently finger with the right dominant arm"). *See generally Muehleisen v. Colvin*, 2014 U.S. Dist. LEXIS 160932 at *27 (W.D.N.Y. 2014).

I have examined the rest of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that the ALJ's decision was supported by substantial evidence of record, and was not the product of legal error. Plaintiff's motion for judgment on the pleadings (Dkt. #11) is denied, the Commissioner's cross motion for judgement on the pleadings (Dkt. #16) is granted, and the ALJ's finding that plaintiff is not disabled is in all respects affirmed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 10, 2019.